IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORMFACTOR, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>MICRONICS JAPAN CO., LTD. ET AL,<br><br>    Defendants.<br>_____/ | No. C 06-07159 JSW<br><br>**ORDER DENYING MOTION TO SHORTEN TIME AND REQUIRING PARTIES TO MEET AND CONFER** |

The Court has received Defendants' motion to shorten time on briefing and hearing its motion to stay the proceedings pending possible proceedings before the International Trade Commission ("ITC").

In some circumstances, a court must stay a civil action in favor of ITC proceedings. *See* 28 U.S.C. § 1659(a). That statute does not apply in this case, however, because, as the proceedings have not yet begun, Defendants are not parties to the ITC proceeding. *See* 28 U.S.C. § 1659(a). Although that statute does not apply, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of a sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Accordingly, it is within this Court's discretion to determine whether a stay is warranted.

1  Some of the competing interests that a district court must weigh in deciding whether to
2  grant a stay include: (1) "possible damage which may result from the granting of a stay," (2)
3  "the hardship or inequity which a party may suffer in being required to go forward," and (3)
4  "the orderly course of justice measured in terms of the simplifying or complicating of issues,
5  proof, and questions of law which could be expected to result from a stay." *Id.* at 268 *(citing*
6  *Landis*, 299 U.S. at 254-55).

7  In this matter, the Court finds the motion to stay premature and therefore DENIES
8  Defendants' motion to shorten time to hear the motion to stay. The parties represent that any
9  institution of an ITC investigation involving FormFactor will be made by December 13, 2007.
10  At that time, the Court may be able properly to assess the validity of the now pending motion to
11  stay. Therefore, the Court ORDERS that the parties meet and confer to stipulate to the delay of
12  impending dates (as they have already done with respect to a brief extension of time for the
13  preparation of the joint claim construction statement) in order to allow the parties to address the
14  motion to stay fully without the unnecessary expenditure of the Court's and the parties'
15  resources before a determination is made by this Court on the motion to stay. The Court is
16  amenable to granting any stipulation of the parties which saves the parties' resources prior to
17  making a fair determination on what will then be a ripe motion to stay.

18  In this regard, the Court SETS the hearing on Defendants' motion to stay for February 1,
19  2008 at 9:00 a.m. An opposition shall be filed no later than December 21, 2007, and a reply
20  shall be filed no later than January 4, 2008.

21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

If the Court determines that the matter is suitable for resolution without oral argument, it will so advise the parties in advance of the hearing date. If the parties wish to modify this schedule, they may submit for the Court's consideration a stipulation and proposed order demonstrating good cause for any modification requested.

**IT IS SO ORDERED.**

Dated: December 6, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3