IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORMFACTOR, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICRONICS JAPAN CO., LTD., a Japanese corporation and MJC ELECTRONICS CORP., a Delaware corporation,<br><br>　　　　Defendants.<br>_____/ | No. CV-06-07159 JSW<br><br>**ORDER GRANTING MOTION TO STAY** |

Now before the Court is the motion of Defendants Micronics Japan Co. Ltd. and MJC Electronics Corp. (collectively "Micronics") to stay this action. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Micronics' motion.

**BACKGROUND**

Plaintiff FormFactor Inc. ("FormFactor") filed a complaint against Micronics alleging infringement of four patents relating to the U-Probe. The U-Probe measures the electrical characteristics of a semiconductor while in wafer form during the semiconductor manufacturing process. FormFactor also filed a complaint with the International Trade Commission ("ITC") on November 13, 2007 alleging infringement by Micronics of five patents relating to the U-Probe. The ITC began its investigation on December 19, 2007. Two of the five patents at issue in the ITC proceeding are also in dispute before this Court: U.S. Patent Nos. 6,509,751 and 6,624,648 (collectively, "the overlapping patents"). The parties agree the claims addressing the

overlapping patents must be stayed in accordance with 28 U.S.C. § 1659(a). ("[T]he district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission.") The remaining dispute is whether the two additional patents, U.S. Patent Nos. 6,246,247 and 7,073,254 (collectively, "the non-overlapping patents") at issue here, but not before the ITC, should be stayed until the conclusion of the ITC proceeding.

The parties are engaged in discovery and claim construction for the claims relating to the two non-overlapping patents. ITC proceedings typically conclude within nine months. (Opp. Br. at 7.)

## ANALYSIS

### A.  Legal Standard on a Motion to Stay.

In some circumstances, a court must stay a civil action in favor of ITC proceedings. *See* 28 U.S.C. § 1659(a). The mandatory stay does not apply to all claims in this case, because only two patents at issue in this action are also before the ITC. Although the mandatory stay does not apply to the two claims in the non-overlapping patents, "the power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of a sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Accordingly, it is within this Court's discretion to determine whether a stay is warranted.

The competing interests that a district court must weigh in deciding whether to grant a stay include: (1) "possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citing *Landis*, 299 U.S. at 254-55). A stay may be the most efficient and fairest course when there are "independent proceedings which bear upon the case." *Levya v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Micronics bears the burden of proving that such a

2

discretionary stay is warranted. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

### B. Micronics Has Shown That FormFactor Will Not Suffer Harm If This Case Is Stayed.

The first interest that must be weighed in the *Landis* test is the possible damage endured by the Plaintiff in granting the stay. When the extent of damage to be endured by the Plaintiff is magnified by the possibility that adverse "evidence will be obtained, or rulings made, as a result of" the other proceedings, the damage is not considered sufficient to deny a request for postponement. *CMAX*, 300 F.2d at 269. The stay of the non-overlapping patents will give both parties the opportunity to obtain additional evidence regarding the entire family of patents at issue. Furthermore, issues relevant to the current proceeding will be addressed in the ITC proceeding. Therefore, the issues brought before this Court could potentially be much narrower after the conclusion of the ITC proceeding even though ITC rulings are not binding on this Court. *See Texas Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996). The potential harm to FormFactor of the ITC evaluating additional evidence of patents not at issue here is not the type of harm that would influence this Court to refrain from staying this action.

FormFactor makes two arguments regarding the first element in opposition to granting a discretionary stay. First, FormFactor argues that the injunctive relief requested for the non-overlapping patents cannot be granted by the ITC. However, the fact that injunctive relief is not available arises because of FormFactor's own decision not to include the non-overlapping patents in its ITC complaint.

Second, FormFactor argues it should recover damages from the "irreparable harm that Defendants' continued sales of infringing product causes." (Opp. Br. at 5.) Potential monetary damages are not sufficient harm to warrant not staying this proceeding. *See CMAX*, 300 F.2d at 268-69. The potential harm is measured by FormFactor in terms of the sales damages, that could potentially be recovered after the conclusion of the ITC proceeding and this proceeding. Thus, staying this proceeding will not harm FormFactor by unduly prolonging the decision of

3

1 this Court. "No impressive showing of irreparable damage or injustice having been made we
2 are not inclined to judge the stay order with a critical eye." *Id.* at 269.

### C. Micronics Has Shown Sufficient Hardship to Justify a Stay.

The second factor in the *Landis* test for a discretionary stay is the hardship and prejudice Micronics will endure if this litigation is not delayed. The hardship related to defending a lawsuit is irrelevant when considering whether to grant a stay. *Lockyer v. Mirant*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("[D]efend[ing] a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*."). However, staying the remainder of the proceedings as they relate to these patents is a prudential action because of the potential duplication of discovery resulting from continuing the proceedings for the non-overlapping patents at issue but not those overlapping patents automatically stayed by statute. One example of potential overlapping discovery is the depositions of the patents' inventors. All four patents asserted in the claims of this action share at least two common inventors. Without a stay, the parties would have to conduct multiple depositions of the same witness because of the inventors' ability to speak only to the non-overlapping patents while the overlapping patents are stayed. The Court finds there will also be significant overlap in discovery because of the similar technology and products asserted in the patents in both the ITC proceeding and the present proceeding.

The additional discovery is more than the hardship of continuing litigation, but the creation of duplicative efforts that would prejudice Micronics. Without the implementation of the discretionary stay for the non-overlapping patents during the duration of the ITC proceeding, there will be similar and overlapping issues addressed in both proceedings and addressed again in this action after the mandatory stay is lifted on the overlapping patents.

Furthermore, FormFactor concedes that "discovery efforts will obviously be shared between the two cases." (Opp. Br. at 3.) FormFactor also states that it has "no desire to duplicate discovery in this case that will be taken in the ITC. (*Id.*) Therefore, the discovery conducted in the ITC proceeding will not result in later duplication of the same discovery if the remainder of this case is stayed pending the conclusion of the ITC proceeding.

4

**D.      Micronics Has Shown a Stay Furthers the Orderly Course of Justice.**

The third *Lantis* factor weighs in favor of granting a stay when the orderly course of justice will be advanced through the simplifying of issues, proof, and questions of law. Micronics argues that staying the remainder of the proceedings until the ITC proceeding is resolved will promote efficiency. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule ... does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Levya*, 593 F.2d at 863-64. As recognized by Micronics, ITC rulings are not binding on this Court. *See Texas Instruments*, 90 F.3d at 1569. Rather, this Court "can attribute whatever persuasive value to the prior ITC decision that it considers justified." *Id.* However, if the ITC proceedings bear on the issues of this case, it would be the most efficient and fairest course of action to stay the remaining claims of this action. *See Levya*, 593 F.2d at 863. Staying the proceeding in this Court will be the most prudential course of action if it is likely that the issues resolved in the ITC hearing will bear "upon the highly technical ... questions which are likely to arise in the district court case." *CMAX*, 300 F.2d at 269.

This suit involves four patents, all relating to the assembly of probe cards for testing semiconductor chips, a significantly technical product. Furthermore, of the total 48 claims from four patents asserted against Micronics, only 17 of those claims remain at issue solely in this action. Yet, the claims remaining in this action relate to the patents before the ITC because they are related to the same device, same patent family, and same subject matter. As a result, the ITC's interpretation of the overlapping patents and the additional patents before it could inform this Court about the claims relating to the non-overlapping patents and also narrow the issues in this matter.

FormFactor asserts that because the non-overlapping patents do not contain all of the same claims as the patents asserted in the ITC proceeding, discovery relating to those patents will be different from the discovery for the patents before the ITC. However, because of the overlap of the two proceedings, this Court will have the opportunity to review the ITC's view of

the technical questions presented in this case. In conclusion, the similarity of the patents in subject matter is sufficient to warrant staying this matter in order for this Court to gain the additional knowledge of the ITC proceedings and also for this Court to benefit from litigating the four patents in this action together, rather than separately. *See Levya*, 593 F.2d at 863-64.

**CONCLUSION**

Accordingly, for the reasons set forth herein, Micronics' motion to stay is GRANTED. The parties shall file a joint submission within ten days of the conclusion of the ITC proceedings informing the Court of the status of this matter.

**IT IS SO ORDERED.**

Dated: February 11, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE